IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONNA M. SLADE,

      Plaintiff,                       No. CIV.S. 11-1178 MCE GGH PS

    vs.

NEW YORK STATE AND LOCAL
RETIREMENT SERVICE/DIRECTOR
OF MEMBERS,

      Defendant.                  ORDER TO SHOW CAUSE
_____/

        Plaintiff is proceeding in this action pro se and has paid the filing fee. This matter was referred to the undersigned by Local Rule 302(c)(21).

        On June 20, 2011, plaintiff filed a "motion for judgment by default," which brought this case to the court's attention. A review of the complaint indicates that plaintiff 's action is premised both federal question and diversity jurisdiction. Plaintiff alleges that the New York State and Local Retirement Service violated its retirement contract with plaintiff. The complaint contains claims for breach of contract, trespass, misrepresentation, commingling, and violations of ERISA. Plaintiff has complicated matters, and perhaps is the cause for any alleged default, by labeling this court as the "Superior Court of California." The defendant may therefore

////

1

be attempting to respond in the wrong court. Venue of this action in this district is not proper, however.

The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

Where an action is founded only on diversity, it may be brought in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(a). A court may sua sponte raise the issue of defective venue. Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986).

In this case, it appears that the defendant resides in Albany, New York. The claim arose in New York. Therefore, plaintiff's claim should have been filed in the United States District Court for the Northern District of New York. Pursuant to 28 U.S.C. § 1406(a), when a case is filed laying venue in the wrong district, the Court may dismiss or, in the interest of justice, transfer the case to any district in which it could have been brought. In this case, the interest of justice does not suggest transfer to another district would be appropriate. See Big Island Yacht Sales, Inc. v. Dowty, 848 F.Supp. 131, 134 (D. Hawaii 1993); Pittman v. Garcia, 2009 WL 857617 (S.D. Cal. March 25, 2009).

////

////

1  Accordingly, IT IS HEREBY ORDERED that: Plaintiff shall show cause in
2  writing within fourteen days of the filed date of this order why this case should not be dismissed
3  without prejudice. *Plaintiff shall mail serve a copy of this order on defendant.*
4  DATED: July 25, 2011

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:076
Slade1178.def.wpd