IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONNA M. SLADE,

        Plaintiff,                         No. CIV.S. 11-1178 MCE GGH PS

    vs.

NEW YORK STATE AND LOCAL
RETIREMENT SERVICE/DIRECTOR
OF MEMBERS,

        Defendant.                    FINDINGS AND RECOMMENDATIONS
_____/

        On July 26, 2011, this court ordered plaintiff to show cause why this case should not be dismissed based on improper venue. A court may sua sponte raise the issue of defective venue. Costlow v. Weeks, 790 F.2d 1486, 1487-1488 (9th Cir. 1986). Plaintiff filed a response which only confirms that venue in this district is improper.

        The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

1

1    Where an action is founded only on diversity, it may be brought in "(1) a judicial
2  district where any defendant resides, if all defendants reside in the same State, (2) a judicial
3  district in which a substantial part of the events or omissions giving rise to the claim occurred, or
4  a substantial part of property that is the subject of the action is situated, or (3) a judicial district in
5  which any defendant is subject to personal jurisdiction at the time the action is commenced, if
6  there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(a).

7    The complaint indicates that plaintiff's action is premised both federal question
8  and diversity jurisdiction. Plaintiff alleges that the New York State and Local Retirement
9  Service violated its retirement contract with plaintiff. The complaint contains claims for breach
10 of contract, trespass, misrepresentation, commingling, and violations of ERISA.

11   In this case, it appears that the defendant resides in Albany, New York. The claim
12 arose in New York. In her response to the order to show cause, plaintiff requests that venue be
13 found proper in the Eastern District of California because she lives in San Joaquin County.
14 Plaintiff's asserted reasons may not be considered, however, as the venue statute is mandatory,
15 requiring dismissal or transfer. 28 U.S.C. § 1406(a). This court has no authority to maintain
16 venue where it is not proper, unless waived by defendant. After defendant has been served,
17 plaintiff may make a motion to transfer venue pursuant to 28 U.S.C. § 1404.

18   Therefore, plaintiff's claim should have been filed in the United States District
19 Court for the Northern District of New York. Pursuant to 28 U.S.C. § 1406(a), when a case is
20 filed laying venue in the wrong district, the Court may dismiss or, in the interest of justice,
21 transfer the case to any district in which it could have been brought. In this case, the interest of
22 justice does not suggest transfer to another district would be appropriate. See Big Island Yacht
23 Sales, Inc. v. Dowty, 848 F.Supp. 131, 134 (D. Hawaii 1993); Pittman v. Garcia, 2009 WL
24 857617 (S.D. Cal. March 25, 2009).

25 ////

26 ////

1       Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice.

      These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 19, 2011

          /s/ Gregory G. Hollows
          UNITED STATES MAGISTRATE JUDGE

GGH:076
Slade1178.fr.wpd